HARKNESS (MONROE v.). See Case No. 9,-715.

## Case No. 6,066.

### HARLAN et al. v. The NASSAU.

[Blatchf. Pr. Cas. 199.] [1]

District Court, S. D. New York. July 29, 1862.[2]

ADMIRALTY—PRIZE OF WAR—PRIVATE LIENS SUPPLANTED.

1. A motion being made by the libellants in a private suit for the sale of the vessel as perishing, and it appearing that the vessel was under capture as prize of war, the motion was denied.

1 [Reported by Samuel Blatchford, Esq.]
2 [Affirmed in Case No. 10,028.]

2. The capture as prize overrides and supplants all private liens.
[See note at end of case.]

In admiralty.

BETTS, District Judge. Mr. Williams, for the libellants, moves the court, on the service of copies of affidavits and notice of motion upon the proctors for the claimants of vessel and cargo, for an order directing her immediate sale, because of the perishing condition of the ship. The United States district attorney intervenes, and informs the court that the vessel and cargo are under capture by the United States as prize of war, and were committed to the custody of the prize commissioners in this port as such, on the 2d day of June last, by a prize-master, who brought the said vessel from sea into this port for that purpose. A certificate of the prize commissioners, under their seal of office, dated June 27, 1862, verifying that fact, is laid before the court, and the district attorney objects to the competency of any private suitors to interfere with or molest such military possession, except through the authority of the prize court.

The property vests primarily in the sovereign, and is held by him in trust, in a state of abeyance as to the right of property, or in a state of legal sequestration, until the right is passed upon by the prize courts of the country of the captor. 1 Kent, Comm. 101, 103. The capture as prize overrides and supplants all claims of private liens. Wheat. Mar. Capt. p. 80, art. 15. And whether the seizure of the property is one of prize or not, is exclusively a question under the cognizance of the prize court in the first instance. Jennings v. Carson, 4 Cranch [8 U. S.] 2. This motion, therefore, cannot be sustained against the legal possession of the vessel as prize of war. Motion denied.

[NOTE. An appeal was then taken to the circuit court by the claimant, where the judgment was affirmed in an opinion by Mr. Justice Nelson, who held that the seizure of the vessel as a prize of war discharged all liens. Case No. 10,028.
[See, also, Cases Nos. 6,067, 10,025–10,027, for other cases bearing on the seizure of this vessel.]